▆ In the Matter of LEO L. RAFFA, an Incompetent Person. ELSIE L. R. CASTIGLIONI, Appellant-Respondent; SAMUEL BUKOFSKY, as Committee of the Incompetent, Respondent-Appellant.— In an incompetency proceeding, in which, subsequent to adjudication of the incompetent as such by order of the Supreme Court, Suffolk County, the former wife of the incompetent moved to direct the incompetent's committee to pay to her the amount of a Florida judgment for accumulated arrears for the support of a child of the marriage allegedly due under a decree of divorce theretofore granted to her in the State of Florida, and for other relief, the parties appeal as follows: (1) the former wife appeals from so much of an order of the Supreme Court, Suffolk County, entered November 2, 1964 upon reargument, as: (a) directed the committee to pay to her only $1,000 on account of said arrears (although "without prejudice to the making of future applications at such times as the incompetent's financial condition shall improve"); and (b) failed to provide a counsel fee for the former wife's attorney; and (2) the committee cross appeals from so much of the order as directed him to make such payment. Order modified by adding a provision directing the committee to pay $250 to appellant's attorney as compensation for the legal services rendered by him; and, as so modified, the order, insofar as appealed from by the respective parties, is affirmed, without costs. In our opinion, the Florida judgment for arrears was not entitled to full faith and credit because of the failure to appoint a guardian ad litem for the incompetent, as required by section 47.25 of the Florida statutes, and because the Supreme Court, Suffolk County, had exclusive jurisdiction of the incompetent (Mental Hygiene Law, § 100). We are also of the opinion that, since the application was one to direct payment of the arrears for the support of the child, the order appealed from, insofar as it directed partial payment on account of the arrears, without prejudice to further applications, was proper. We are further of the opinion that, to the extent indicated, the former wife's attorney was entitled to a reasonable fee for the services rendered by him in connection with her motion to direct the committee to pay the arrears for support. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.